(Clark County Probate Court.)
### NORRIS v. CASPER.

The act of April 16, 1900 (94 O. L., 332, sec. 4362-9a R. S.), providing that the probate courts upon written complaint sworn to by any person, that a person engaged in the traffic in intoxicating liquors has refused or neglected to pay the "Dow" tax, shall notify such party requiring him to appear and show cause why their said business should not be assessed for such tax, confers ministerial duties on probate courts and is therefore unconstitiutional.

GOODWIN, J.

This matter is now before the Court on the motion to dismiss the proceedings upon the ground therein stated, and also a demurrer to the sufficiency of the complaint and the validity of the law.    I do not deem it necessary to in detail give an opinion as to each of the particular objections set forth in the motion and demurrer, but will say that each has been carefully examined and considered.    The complaint filed herein follows the act of April 16, 1900, 94 O. L., 332, section 4362-9a Revised Statutes, and I am of the opinion that it was the intent of the legislature to provide a summary proceeding to accomplish what is therein intended.    It is true the complaint does not follow the line of procedure for civil actions, but the section under which the complaint was filed provides no special way of proceeding, but does require a complaint sworn to, and requires notice to be given, and these are the essential features, and we may well follow the Supreme Court in Gager v. Prout, 48 O. S., 110, in a similar case where it says, that it does not follow that all these precise rules of the Code of Civil Procedure should be followed.    Notice is required but no particular style of procedure or form of notice is provided.    It is therefore sufficient if the notice fairly informs the parties of the nature of proceeding, and in what capacity he is to appear and answer.    And in the case of Zanesville Telegraph & Telephone v. City of Zanesville, 45 Bull., 59, Part 3 ,the Court there say, "complaint, notice and hearing has been provided and is sufficient."

It is in my opinion immaterial who brings the action, as to whether the caption is the State of Ohio, or John T. Norris, or any other person.    The real party in interest is the State of Ohio, and no matter what the caption may be it does not change that.    And besides, as the section states that any person may file the complaint and as the section provides for no party plaintiff, it, in my view, is immaterial whether it is the state of Ohio or the person filing the affidavit.    The complaint has all that is required by the statute and it is in the nature of a writ for a misdemeanor, and the ques-

tions of proper parties, etc., are not raised there.

This disposes of all the matter set forth in the motion and the same is overruled.

But a demurrer has been filed which was submitted to the court objecting to the complaint, that there are no parties plaintiff or defendant:    Second, that the proceedings are not instituted in the name of the real party in interest:    Third, that the complaint does not state facts sufficient to constitute a cause of action against the said T. J. Casper to require him to answer thereto:    Fourth, the law under which said complaint has been brought, is unconstitutional:    Fifth, that the court has no jurisdiction of the person of the defendant, nor of the subject matter of the action.

The first two grounds of the demurrer have already been disposed of by the overruling of the motion and the remaining three are so linked together, that if any one of them are well taken, or not sufficient, the same rule will apply to all.    The only serious question to the mind of the court, is as to the fourth ground.    Is the law under which the said complaint has been brought constitutional?    The claim is made by counsel for the defendant that the law is unconstitutional, for the reason of its being in contradiction of the settled policy and system of our government which divides into three co-ordinate branches our state government:    to-wit: the judiciary, executive and legislative.    And the question is raised by the demurrer, whether or not this law does not violate this principle, and seek to place upon the judiciary; functions that properly belong to the executive and administrative departments of the state government. I find from the examination of the authorities submitted in the briefs by counsel, where the line is often so indistinct between the functions of the several departments so that it is often almost impossible to know where the one shades into the other.    But I have found also that the courts have with the greatest caution, tried to always keep each of these departments within its own sphere, saying as they do that the welfare of the system, that is the foundation of our form of government, makes it of the most vital importance that these divisions should be kept distinct and separate.    The reason for this we can very well see and understand.    The putting upon the court in this state the initiatory proceedings to correct or assess a tax in any way is, so far as I am concerned, entirely new until the passage of this law.    The whole taxing machinery has been delegated by the legislature to the administrative department of the government. And this precedent followed throughout the

entire history of the government has great weight in the decision of this question. The laws of Ohio give to the various county auditors and other ministerial officers complete power to manage the whole taxing system of the state. And even in the statute under discussion, section 4364-14, the auditor upon receiving satisfactory information of any such business, meaning the traffic of intoxicating liquors, is being carried on, and liable to assessment, he shall forthwith enter the same upon such duplicate and the county treasurer be given a copy thereof. This gives the ministerial officer, the auditor, complete power to do the identical thing that the court by this section is asked to do, and yet the law seeks to require this to be done by the court. I have read carefully the opinions of the supreme court in the Zanesville cases both before and after the rehearing of the same, and each upholds the doctrine that the three co-ordinate branches of the government must be kept distinct and separate. But in the rehearing of the case, they say that the fact of the power conferred by statute on a court is itself of controlling importance and is decisive in fixing the judicial character unless it is fairly certain that the power belongs to the legislative or executive. I have examined the authorities on this question, cited by counsel, and others, to find a case where the courts of Ohio, have in the first instance, been made the instruments for the collection or enforcement of any tax, but failed. On the other hand I have found that a complete system for the fixing and collection of all taxes and assessments with the penalties attached for remisness, and the mode of enforcement is given to auditors and other ministerial officers, proposed by this section of the law to be exercised by the probate court and with the unbroken series of laws given the collection of taxes and assessments over to the executive department, I am of the opinion that this section of the law is contrary to the constitution; and that in its effort to seek to vest in the probate court powers and functions belonging to the executive or administrative departments of the state, and on that ground and on that alone, the demurrer is sustained.

M. B. Earnhart, for complainant.

Oscar Martin, and F. M. Hagan for T. J. Casper.